**FARMERS & MERCHANTS BANK, Plaintiff-Appellee v. BOWMAN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1813.   Decided April 5, 1945.

Mahlon Gebhart, Miamisburg, R. E. Cowden, Dayton, for plaintiff-appellee.

G. E. Miller, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, P. J.

This is an appeal noted as upon questions of law and fact, but prosecuted as upon questions of law only, from a judgment in favor of the plaintiff and against the defendant in the sum of $223.10 with interest and costs.

The action was to recover against the defendant the endorser on a check in the sum of $223.10, dated April 8, 1941, payable to the order of defendant, drawn on the Reading Bank, Reading, Ohio, and signed "Reading Grain Company by M. L. Rosenberg". The check was presented by the payee to the plaintiff bank who cashed it and in due course it was transmitted to the bank upon which it was drawn and payment refused by reason of "no funds". The petition pleads notice to the defendant of the dishonor of the check and demand and refusal of payment. The answer asserts three defenses: first, general denial; second, failure to give notice of non-payment according to statute; and, third, extender of time to maker of check within which to pay it which it is asserted constituted a release of the endorser from liability. The reply denies the affirmative defenses.

The matter was submitted to Judge Mills, the trial judge, who, upon evidence, made specific findings in favor of the plaintiff and against the defendant "that the bank check, upon which this action is based, was duly presented by the plaintiff for payment and was dishonored by non-payment, and that due notice of such non-payment was given by said plaintiff to said defendant as endorser upon said check, as provided by law" and "that no agreement was made by said plaintiff bank to extend the time of payment of such dishonored check to the drawer thereof, or to postpone the plaintiff's right, as the holder of said check, to enforce the instrument".

These findings provide adequate legal basis for the judgment. They respond to the issues made by the pleadings and the evidence and both were controverted by the factual developments. There is evidence in the record to support the conclusions reached by the trial judge and we, therefore,

cannot find that they were contrary to or against the manifest weight of the evidence.

In this situation there is no occasion for discussing the statutes and authorities' cited in the briefs. The judgment will be affirmed.

GEIGER and MILLER, JJ., concur.